**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-30117 |
| Plaintiff-Appellee, | D.C. No. 4:19-cr-00082-BMM-1 |
| v. | |
| JORDAN ALEXANDER WERK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted May 3, 2021
Seattle, Washington

Before:  CHRISTEN and BENNETT, Circuit Judges, and FRIEDMAN,[**] District Judge.

Jordan Alexander Werk appeals his jury conviction for assault of a

dating partner by strangling in violation of 18 U.S.C. § 113(a)(8).  He argues that

assault by striking, beating, or wounding in violation of 18 U.S.C. § 113(a)(4) is a

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

lesser included offense of assault of a dating partner by strangling. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the legal question of whether the offense on which the instruction is sought is a lesser included offense of the charged offense, *United States v. Hernandez*, 476 F.3d 791, 797 (9th Cir. 2007), and we affirm.

A "defendant may be found guilty of . . . an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c)(1). A defendant is entitled to a lesser included offense instruction if he shows that (1) the offense on which the instruction is sought is a lesser included offense of the offense charged and (2) the jury rationally could conclude that the defendant was guilty of the lesser included offense but not of the greater offense. *United States v. Torres-Flores*, 502 F.3d 885, 887 (9th Cir. 2007). "[A]n offense is only a lesser included offense if its elements are a subset of the elements of the greater offense." *United States v. Miguel*, 338 F.3d 995, 1005 (9th Cir. 2003) (citing *Schmuck v. United States*, 489 U.S. 705, 716–17 (1989)). "Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c)." *Schmuck*, 489 U.S. at 716. A lesser included offense instruction is permitted "only in those cases where the indictment contains the elements of both offenses and thereby gives notice to the defendant that he may be convicted on either charge." *Id.* at 718.

2

Werk was charged with assault of a dating partner by strangling in violation of 18 U.S.C. § 113(a)(8). He contends that strangling necessarily includes wounding, and therefore assault by wounding is a lesser included offense of assault by strangling. The statute, however, defines "strangling" as "intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of a person by applying pressure to the throat or neck, *regardless of whether that conduct results in any visible injury*." 18 U.S.C. § 113(b)(4) (emphasis added). The statute therefore is clear that a defendant need not cause injury – or, wounding – in order to violate 18 U.S.C. § 113(a)(8). Neither is it necessary to beat or strike a victim in order to violate 18 U.S.C. § 113(a)(8). Instead, applying sufficient pressure to constrict breathing would be enough to violate that subsection.

Because the lesser offense requires an element – wounding – not required by the greater offense, we do not need to decide whether a jury rationally could have concluded that Werk was guilty of the lesser offense but not of the greater offense. The District Court was not required to give a lesser included offense instruction.

**AFFIRMED.**